AMERICAN NEWS COMPANY, INC., Respondent, *v.* AVON PUBLISHING CO., INC., et al., Appellants.

*Per Curiam.* Both causes of action pleaded in the complaint contain obscure, disconnected and unrelated allegations pursuant to which a variety of relief is sought. The relations and obligations of the parties are not clearly stated, nor even the terms of or parties to the contracts alleged, and the alleged violations in the and/or form are meaningless. In its present form the complaint is a confused and confusing pleading which obscures rather than clarifies plaintiff's claims, is impossible of intelligent answer, and to which defendants should not be required to answer.

The first cause, represented as being an action for a declaratory judgment, is clearly insufficient. It fails to show the existence of a justiciable controversy.

In order to survive an attack for insufficiency, the complaint in an action for a declaratory judgment must contain factual allegations showing the existence of a real controversy concerning jural relations, and a sufficient basis for the invocation of the court's discretionary power to pronounce judgment declaring the rights and legal relations of the parties (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 50; *Red Robin Stores* v. *Rose*, 274 App. Div. 462; *Robert E. Tompkins, Inc.,* v. *Security Trust Co.,* 277 App. Div. 1090). Since the remedy of declaratory judgment lies within the sound discretion of the court to grant or withhold, it is essential that the necessity for the relief be shown at the inception of the litigation. Where the dispute concerns the construction of a written agreement, the court should not be limited to the pleader's interpretation of the document. The written contract itself should be annexed to the pleading so that the court may determine at the threshold of the action whether a bona fide controversy does or can exist with respect to the meaning and effect of the agreement.

In the first cause of action plaintiff alleges the making of a written agreement on May 26, 1953, pursuant to which the business relations of the parties were terminated. No dispute concerning the interpretation of the agreement is alleged. On the contrary, what is pleaded is a number of willful violations of the agreement on the part of defendants. Although the agreement is not annexed to the complaint, it is contained in the record. When it is examined in the light of the allegations of the complaint, it clearly appears that there is no necessity for a declaratory judgment, since plaintiff may obtain all the relief to which it may be entitled by pleading separately stated and numbered causes of action for legal or equitable relief.

The second cause of action is also defective and vulnerable. While it is said to be an action to recover the amounts due under the provisions of the termination agreement, it contains allegations which tend to support other and different causes of action.

Accordingly, the order appealed from should be reversed, with costs, and the complaint dismissed with leave to serve an amended complaint separately stating and numbering the several causes of action, which are to be pleaded in clear and concise terms with some degree of definiteness and certainty.

Peck, P. J., Callahan, Botein and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the complaint dismissed, with leave to serve an amended complaint in accordance with the opinion herein. [See 284 App. Div. 846.]