with $10 costs. Respondent was required and failed to establish irreparable injury unless the injunction sought is granted. (*Gilbert* v. *Burnside,* 6 A D 2d 834; *Hauth* v. *Giant Portland Cement Co.,* 33 Del. Ch. 496; 5 Fletcher's Cyclopedia Corporations, § 2071.) Nor was there for the purpose of enjoining an annual meeting a sufficient showing of clear wrongdoing on the part of the management in the circulation of proxy statements and the proposed circulation of the annual report. The desirability of additional time to enable the respondent to disseminate facts and disclosures concerning the incumbent board is insufficient basis for the relief sought. Concur— Breitel, J. P., M. M. Frank, McNally and Stevens, JJ.; Rabin, J., dissents and votes to affirm in a dissenting memorandum, as follows: I dissent and vote to affirm. I believe it is in the interest of all the stockholders that they receive as much information with respect to the affairs of the company as possible before the voting for directors takes place. Inasmuch as there would appear to be no prejudice to anyone by postponement of the meeting, the stay granted below would seem proper.

■ FUN FAIR PARK, INC., et al., Respondents, v. FRANCES URSINI et al., Appellants.— Order unanimously modified, on the law and in the exercise of discretion, by dismissing the third and fourth causes of action, with leave to replead within 20 days after service of a copy of the order entered herein, with notice of entry thereof, upon the attorney for respondents, and, as so modified, affirmed, with $20 costs and disbursements to the appellants. The third and fourth causes of action seek declaratory judgment requiring construction of a series of agreements entered into among the parties. The relief sought is extensive and cannot be based upon the conclusory pleadings of allegedly pertinent provisions in the agreements. In the circumstances, all the agreements upon which plaintiff will seek a declaration should be annexed to the complaint. (See *American News Co.* v. *Avon Pub. Co.,* 283 App. Div. 1041.) It should be further noted that the complaint contains certain allegations which appear to allege unnecessary evidentiary details and legal conclusions. Concur— Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.

■ H. L. GREEN COMPANY, INC. v. INDUSTRIAL DEVELOPMENT, INC., et al. — Motion dismissed, having become academic by virtue of the decision of this court in *Green Co.* v. *Industrial Development* (8 A D 2d 785). Concur— Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ H. L. GREEN COMPANY, INC. v. INDUSTRIAL DEVELOPMENT, INC., et al. — Motion denied, with $10 costs. Concur— Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ JEWISH HOSPITAL OF BROOKLYN, Respondent, v. LEON J. DAVIS, Individually and as President of Local 1199, Retail Drug Employees Union, Affiliated with the Retail, Wholesale and Department Store Union, Appellants, et al., Defendants. (1572–1573–1574.) JEWISH HOSPITAL OF BROOKLYN, Respondent, v. LEON J. DAVIS, as President of Local 1199, Retail Drug Employees Union, Affiliated with the Retail, Wholesale and Department Store Union, et al., Appellants, et al., Defendants. (1575.) — (1572) The order of Special Term, dated May 12, 1959, denying the motion of defendants Davis and Local 1199 to set aside service of the summons is dismissed as moot, in view of the undenied personal service effected upon said defendants on May 20, 1959. (1573) The order dated May 12, 1959 granting plaintiff's motion for an injunction *pendente lite* against the union, Davis, Ayash and Goodman, is affirmed. There is a clear showing that the summons, complaint and the order to show cause bringing on the motion for the temporary injunction were