■ TRUAX & HOVEY, LTD., Respondent, v GREINER CONSTRUCTION CORP., Defendant, and DAVID GREINER, Appellant. — Judgment unanimously reversed, with costs, and complaint dismissed as against defendant David Greiner. Memorandum: Plaintiff, a subcontractor, has recovered a judgment against the individual defendant for materials supplied and work performed on two construction jobs under a contract with Greiner Construction Corp. Although defendant admits in his answer that he was an officer of Greiner Construction Corp. and had control of its financial dealings, the record contains no evidence that the individual defendant assumed any contractual responsibility to plaintiff in connection with the subcontracts or that he received or held any moneys pertaining to the contracts as a trustee under article 3-A of the Lien Law or under a common-law trust. (Appeal from judgment of Supreme Court, Onondaga County, McKennan, J. — mechanic's lien.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.

■ PAUL B. SCHUMACHER, JR., Appellant, v SEA CRAFT INDUSTRIES, INC., Defendant, and PERDUE-DEAN CO., INC., Respondent. — Order unanimously affirmed, with costs to respondent. Memorandum: Plaintiff appeals from an order granting the motion of defendant Perdue-Dean Co., Inc., a Florida corporation, to dismiss the complaint on the ground of lack of personal jurisdiction (CPLR 3211, subd [a], par 8). The only argument warranting discussion is that the court should have granted plaintiff a continuance to develop facts, relevant to the issue of jurisdiction. Plaintiff's complaint and affidavit in opposition to the motion to dismiss fail to show that "facts essential to justify opposition [to dismissal] may exist" (CPLR 3211, subd [d]). Plaintiff sets forth no basis for the unsubstantiated statements on which he attempts to found long-arm jurisdiction (CPLR 302, subd [a], pars 1, 3, cls [i], [ii]) but states only that he "has been informed" of or "has reason to believe" certain allegations which are strongly disputed by defendant's president. These unsupported allegations do not support the conclusion that plaintiff has "made a sufficient start, and shown [his] position not to be frivolous" (*Peterson v Spartan Inds.,* 33 NY2d 463, 467) so as to justify a continuance to permit discovery (see, generally, *Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 325; *Amigo Foods Corp. v Marine Midland Bank,* 39 NY2d 391). (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.