■ SAMUEL MINDEL, Respondent, v DANIEL GROSS et al., Defendants, and VILLAGE OF THOMASTON, Appellant.—In an action to declare a zoning ordinance invalid, the defendant Village of Thomaston appeals from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated November 21, 1986, as denied those branches of its motion which were to dismiss the first, third and fourth causes of action in the plaintiff's complaint insofar as they are asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were to dismiss the third and fourth causes of action in the complaint insofar as they are asserted against the appellant and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's first cause of action alleges that the code of the Village of Thomaston (hereafter the village) totally excludes hotels from any of the eight zoning districts in the village and is, therefore, discriminatory, unreasonable and unconstitutional. There is no absolute rule requiring a municipality to permit the building and maintenance of hotels within its geographical borders (see, 6 Powell-Rohan, Real Property, Zoning and Land Use Controls, § 40.01 [4]; cf., Matter of De Angelis v Minor, 8 Misc 2d 994). However, in this case, the village provided for a diversity of zoning districts, including apartment districts, a business district, an office building district and an industrial district. Prior to 1972 a hotel was a "permitted use" within the business district. In August 1972 the code was amended to totally prohibit the building and use of a motel in any district in the village. Under these circumstances, we cannot say, without a trial of all the issues, that the first cause of action is insufficient as a matter of law.

However, we agree with the village that the plaintiff's third and fourth causes of action fail to state claims upon which relief may be granted. The third cause of action is predicated on the broad, conclusory allegation that the ordinance does not promote the health or welfare of the community. This is somewhat defined in the plaintiff's affirmation in opposition to the motion to dismiss wherein he claims that hotels are not permitted so that low income people can be excluded from the community. For purposes of this motion, we have considered the allegations in the complaint in conjunction with the affirmation (see, Rovello v Orofino Realty Co., 40 NY2d 633).

Nonetheless, the plaintiff fails to set forth the facts upon which this claim of exclusion of lower income persons is based *(see, Guggenheimer v Ginzburg,* 43 NY2d 268). Although the plaintiff claims that facts will be developed through discovery, he must make a "sufficient start" to show that his position is not frivolous *(Peterson v Spartan Indus.,* 33 NY2d 463). This the plaintiff has failed to do, and therefore the third cause of action must be dismissed *(see, Boryszewski v Brydges,* 37 NY2d 361; *Schumacher v Sea Craft Indus.,* 101 AD2d 707).

The plaintiff's fourth cause of action is predicated on the village's alleged violation of the Donnelly Antitrust Act (General Business Law § 340 *et seq.)* and the Sherman Antitrust Act (15 USC § 1 *et seq.).* Under both of these statutes, an anticompetitive injury must be asserted *(see, International Tel. Prods. v Twentieth Century-Fox Tel. Div.,* 622 F Supp 1532; *see also, Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244). The plaintiff has failed to allege such an injury. Accordingly, the fourth cause of action must be dismissed *(see, Boryszewski v Brydges, supra).*

We have considered the parties' other contentions and find them to be without merit. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.