■ PRIMO CONSTRUCTION, INC., Respondent, v SWIG WEILER & ARNOW MANAGEMENT CO., INC., Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered July 5, 1989, which denied defendant's motion to dismiss the complaint, pursuant to CPLR 3211, is unanimously reversed, on the law and on the facts, motion granted, and complaint dismissed, with costs.

Swig Weiler & Arnow Management Co. (Swig) is the owner and managing agent of various commercial buildings (premises) which are located in New York City. Pursuant to the terms of the tenants' leases, the landlord must give its written approval before a tenant can employ a contractor to perform alterations. In accordance with that lease term, Swig maintained a list of contractors which it had preapproved to perform work for the tenants.

During the summer of 1987, Swig became aware that Primo Construction, Inc. (Primo) had participated with a former employee of Swig and others in a bribery and fraud scheme which resulted in the embezzlement of over $1,000,000 from Swig. Further, as part of that criminal scheme, Primo submitted invoices to Swig and the tenants of the premises, which billed them in excess of the reasonable value of goods delivered and services rendered. Based upon Primo's alleged misconduct and the landlord's contractual right to approve contractors, Swig deleted Primo's name from the list of approved contractors and denied Primo access to the premises.

Thereafter, on or about December 28, 1988, Primo commenced an action against Swig (defendant) for damages in the Supreme Court, New York County. The complaint alleges defendant is guilty of tortious interference with plaintiff's business relations (causes of action Nos. one to six) and of violation of General Business Law § 340 ([Donnelly Act] cause of action No. seven).

Prior to the joinder of issue, defendant moved to dismiss the complaint pursuant to CPLR 3211. Plaintiff opposed. Trial Term denied that motion. Defendant appeals.

After our review of the record, we find that plaintiff has failed to allege facts which are sufficient to establish that defendant's actions, in deleting plaintiff's name from the contractors' list and denying same access to the premises, set forth a cause of action for tortious interference with plaintiff's business relations *(Alexander & Alexander v Fritzen,* 68 NY2d 968 [1986]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183 [1980]; *Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682 [1969]; *Stratford Materials Corp. v Jones,* 118 AD2d 559 [1986], *lv denied* 70 NY2d 608 [1987]). We base our finding upon the fact that plaintiff concedes that defendant had an absolute right, pursuant to the terms of the leases, to approve contractors, and plaintiff does not allege that defendant, outside of exercising that contractual right, ever attempted to interfere with any other business relations of plaintiff.

Further, based on our examination of the record, we find that plaintiff has not set forth a cause of action under the Donnelly Act, which is the New York Antitrust Law, since plaintiff, *inter alia,* has failed to identify the relevant product market, describe the nature and effects of the alleged conspiracy, and indicate how defendant's exercise of its conceded contractual right to approve contractors has had an anticompetitive impact on the market *(Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.,* 136 AD2d 461 [1st Dept 1988]).

Based upon our analysis *supra,* we find that Trial Term erred in denying defendant's motion to dismiss the complaint.

Accordingly, we reverse, grant the motion, and dismiss the complaint. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.