■ HAMPTON NAVIGATION, INC., Respondent, v PINPOINT SYSTEMS INTERNATIONAL, Appellant, et al., Defendant. [666 NYS2d 705] —In an action, inter alia, to recover damages for breach of contract, the defendant Pinpoint Systems International appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 25, 1997, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the first, second, and fourth causes of action of the amended complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, and the first, second, and fourth causes of action are dismissed insofar as asserted against the appellant.

Viewing the amended complaint and affidavits submitted on the motion in a light most favorable to the plaintiff (Leon v Martinez, 84 NY2d 83, 87), we find that the first, second, and

fourth causes of action fail to state causes of action. The fourth cause of action, purporting to set forth a claim under the Donnelly Act (General Business Law § 340 [1]), contains only vague, conclusory allegations which fail to identify an injury to competition cognizable under the statute (*see, Home Town Muffler v Cole Muffler,* 202 AD2d 764; *cf., Crane & Shovel Sales Corp. v Bucyrus-Erie Co.,* 854 F2d 802, 804-808; *Rutman Wine Co. v Gallo Winery,* 829 F2d 729, 734-736; *Re-Alco Indus. v National Ctr. for Health Educ.,* 812 F Supp 387, 390-392).

Further, the first cause of action, alleging that the defendant Pinpoint Systems International breached an oral dealership agreement by terminating it without notice, also fails to state a cause of action. The allegations set forth in the amended complaint, read together with the affidavits submitted on the motion, establish that the alleged oral dealership agreement was terminable at will (*Liberty Imports v Bourguet,* 146 AD2d 535, 536; *cf., Haines v City of New York,* 41 NY2d 769, 772-773; *see also, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304-305; *Electronics Communications v Toshiba Am. Consumer Prods.,* 129 F3d 240). Since the second cause of action seeks specific performance of the above dealership agreement, that cause of action must also be dismissed. Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.