CARMINE A. LoPRESTI, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Respondents, et al., Defendant. [820 NYS2d 275]—

In an action to recover damages, inter alia, for violation of General Business Law § 340, the plaintiff appeals from an order

of the Supreme Court, Kings County (Demarest, J.), dated October 19, 2004, which granted the respective motions of all defendants, except New York-Presbyterian Healthcare System, Inc., inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted the respondents' respective motions, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the complaint fails to state a cause of action. The plaintiff's allegations regarding the respondents' conduct were impermissibly vague and conclusory (*see Hart v Scott*, 8 AD3d 532 [2004]; *Stoianoff v Gahona*, 248 AD2d 525 [1998], *cert denied* 525 US 953 [1998]).

The plaintiff's cause of action alleging a violation of General Business Law § 340, commonly known as the Donnelly Act, was properly dismissed insofar as asserted against the respondents because the complaint contained only vague, conclusory allegations insufficient to adequately plead a conspiracy or reciprocal relationship between two or more entities (*see Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.*, 75 NY2d 830 [1990]; *State of New York v Mobil Oil Corp.*, 38 NY2d 460 [1976]; *Heart Disease Research Found. v General Motors Corp.*, 463 F2d 98 [1972]). Moreover, the complaint failed to identify a relevant market, or an injury to competition cognizable under the statute (*see Hampton Nav. v Pinpoint Sys. Intl.*, 245 AD2d 485 [1997]; *Shepard Indus., Inc. v 135 E. 57th St., LLC*, 1999 WL 738641, 1999 US Dist LEXIS 14431 [SD NY, Sept. 17, 1999]; *International Tel. Prods. Ltd. v Twentieth Century-Fox Tel. Div. of Twentieth Century-Fox Film Corp.*, 622 F Supp 1532 [1985]; *cf. Eagle Spring Water Co. v Webb & Knapp, Inc.*, 236 NYS2d 266 [1962]).

The plaintiff's cause of action alleging a violation of Insurance Law § 2123 and related regulations was properly dismissed insofar as asserted against the respondents because the complaint failed to identify any alleged misstatements with the required particularity (*see* CPLR 3016 [b]; *Precision Concepts v Bonsanti*, 172 AD2d 737 [1991]), or to adequately allege that his commissions were lost "as a result of" any such misstatements or other violation of the Insurance Law (Insurance Law § 2123 [d]).

The plaintiff's third and fourth causes of action to recover

damages for tortious interference with contract and tortious interference with prospective contractual relations and/or economic advantage, were also properly dismissed insofar as asserted against the respondents. The plaintiff was not a party to, nor a third-party beneficiary of, the contracts with which the respondents allegedly interfered (*see McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660 [2005]; *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288 [2003]). Moreover, the agreements were terminable at will (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191-192 [1980]; *American Preferred Prescription v Health Mgt.*, 252 AD2d 414 [1998]), and the allegation that the respondents' actions were wrongful or unlawful were conclusory and without support (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996]; *Primo Constr. v Swig Weiler & Arnow Mgt. Co.*, 160 AD2d 379 [1990]).

Finally, the plaintiff's cause of action alleging unfair competition was properly dismissed insofar as asserted against the respondents because the complaint failed to allege the bad faith misappropriation of a commercial advantage which belonged exclusively to him (*see Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439 [2005]; *see also Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538 [1977]; *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202 [1998]). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur. [*See* 5 Misc 3d 1006(A), 2004 NY Slip Op 51223(U) (2004).]