■ OTR Media Group, Inc., Respondent, v City of New York et al., Defendants, and Cemusa, Inc., Appellant. [847 NYS2d 526]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 29, 2007, which denied defendant-appellant's motion to dismiss plaintiff's cause of action under General Business Law § 340, the Donnelly Act, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against said defendant. The Clerk is directed to enter judgment accordingly.

Insofar as pertinent, the complaint alleges that appellant and the City of New York entered into an anticompetitive franchise agreement that gives appellant the exclusive right to sell advertising space on the street furniture it installs and exempts

appellant from certain local laws (Local Law No. 14 [2001] of City of NY; Local Law No. 31 [2005] of City of NY) regulating the placement of outdoor advertising signs. These allegations simply misstate the terms of the franchise agreement, which nowhere provides for either exclusivity or any exemptions from the above local laws or associated zoning ordinances. To the contrary, the agreement specifically states that the franchise is "non-exclusive" and "subject to all applicable laws, rules and regulations of the City." Nor does the complaint state an antitrust injury. The alleged injury—increased costs and advertising rates incurred as a result of the above local laws—is solely the result of legislation, not the franchise agreement. Such increased costs and rates would have been incurred regardless of whether the City awarded a new street furniture franchise (*see generally Primo Constr. v Swig Weiler & Arnow Mgt. Co.*, 160 AD2d 379, 380 [1990]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ. [*See* 2007 NY Slip Op 30405(U).]