06-5276-cv
The New Phone Co., Inc. v. NYC Dept. of Info. Technology and Telecommunications, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand and nine.

Present:     WILFRED FEINBERG,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,

                    Circuit Judges,

_____

  THE NEW PHONE CO., INC.,
                         Plaintiff-Appellant,

             -v-                                          06-5276-cv

  NEW YORK DEPARTMENT OF INFORMATION
  TECHNOLOGY AND TELECOMMUNICATIONS,
  VERIZON NEW YORK, INC., and THE CITY OF
  NEW YORK,
                         Defendants-Appellees.

_____

Appearing for Plaintiff-Appellant:     Mayne Miller, New York, NY.

Appearing for Defendant-Appellee
  Verizon New York, Inc.:     Richard H. Dolan, Schram, Stone & Dolan LLP, New
     York, NY.

Appearing for Defendants-Appellees
  NYC Dept. Of Information Tech-
  nology and Telecommunications
  and The City of New York:     Francis F. Caputo, Assistant Corporation Counsel
     (Bruce Regal, Michael S. Adler, Jerald Horowitz, and
     Karen M. Griffin, Assistant Corporation Counsels, of
     counsel), for Michael A. Cardozo, Corporation
     Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, J.).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

This is an appeal from a judgment, filed October 17, 2006, of the United States District Court for the Eastern District of New York (Gleeson, J.), granting the defendants' motion to dismiss the complaint. The judgment memorializes the district court's order, filed October 12, 2006, adopting in its entirety – except for noting that one case cited therein had been overruled – the Report and Recommendation of Magistrate Judge Kiyo Matsumoto, filed August 25, 2006, and rejecting NPC's objections thereto.

We assume the parties' familiarity with the facts and procedural history of the case. In brief, the plaintiff, The New Phone Co. ("NPC"), challenges Local Law 68, passed by New York City ("the City") in 1995, which enacted a regulatory scheme for the placement of pay telephones on public property ("PPTs"). Local Law 68 requires that an entity seeking to install and/or operate PPTs must submit an application for a franchise agreement to the City Department of Information Technology and Telecommunications ("DoITT"). Once DoITT conditionally approves the issuance of a franchise agreement to an entity, that entity is mailed a franchise agreement, which it is required to execute and return to DoITT. One entity which has obtained a franchise agreement pursuant to Local Law 68 is Verizon New York, Inc. ("Verizon").

According to the amended complaint, NPC "was formed in 1996 with the specific intent to install PPTs . . . [in order to] derive advertising revenue therefrom." NPC also avers that it "is active in defending the rights of PPT operators." NPC asserts claims under: (1) the Federal Telecommunications Act of 1996 ("the TCA"), 47 U.S.C. Section 253; (2) 42 U.S.C. Sections 1983 and 1988; and (3) federal and state antitrust laws.

Our review of the district court's grant of dismissal is de novo. See Staehr v. Hartford Fin. Serv. Group, Inc., 547 F.3d 406, 424 (2d Cir. 2008). Magistrate Judge Matsumoto articulated several grounds for dismissal of NPC's claims under the TCA: (1) NPC lacks standing to sue because it "does not allege that it ever completed the application process by submitting an executed franchise agreement"; (2) NPC has no claim under the TCA because it has not alleged "beyond a conclusory statement that it has been prohibited from providing communications services," as opposed to operating as an advertising company; (3) NPC has no Section 1983 claim because insofar as the TCA created any rights which might serve as the basis of such a claim, those rights were possessed by consumers, not telecommunications providers; (4) NPC's TCA claims were untimely under the "catch-all" four-year statute of limitations period set forth in 28 U.S.C. Section 1658(a); and (5) NPC's claims were barred by the principle of res judicata on the basis of a prior Article 78 proceeding brought by an entity with which NPC was in privity. Rather than review these several bases for dismissal, we believe that our recent decision in Global Network Communications, Inc. v. City of New York, 562 F.3d 145 (2d Cir. 2009), a case also involving a challenge to Local Law 68, provides sufficient reason for affirming the district court.

NPC's central claim is that Local Law 68 is incompatible with the preclusive effect of the TCA. Section 253(a) of the TCA provides that "[n]o State or local statute or regulation . . . may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. Section 253(a). There can be no gainsaying the broad preclusive effect of this provision. This Court has accordingly recognized that "[a] major purpose of the [TCA] was to end local telephone monopolies and develop a national telecommunications policy that strongly favored local telephone market competition." Global Naps, Inc. v. Verizon New England, Inc., 454 F.3d 91, 94 (2d Cir. 2006).

The TCA, however, also contains a "safe harbor" provision intended to afford State and local governments considerable residual authority to regulate telecommunications services which involve the use of public property. This provision, Section 253(c) of the TCA, states as follows:

> Nothing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation required is publicly disclosed by such government.

47 U.S.C. Section 253(c).

In Global Network Communications, Inc. v. City of New York, we considered whether the City, acting pursuant to Local Law 68's regulatory scheme, could properly deny a PPT franchise to a telecommunications company which had demonstrable ties to organized crime. We held that the company's claims under the TCA failed because "the City's refusal to grant [the company] a franchise to operate on public rights-of-way on the basis of this past history is fully within the scope of authority provided by Section 253(c)." 562 F.3d at 151.

3

In this case, it is undisputed that NPC has not completed the application process required by Local Law 68, and NPC has therefore not actually been denied a PPT franchise. Nevertheless, we see no reason why Section 253(c) is not as fully applicable here as we found it was in Global Network. In all of its prolix briefing, NPC provides no reason for characterizing the regulatory scheme set forth in Local Law 68 as anything other than a framework for the installation and management of PPTs on public property. That is, as we stated in Global Network, "Local Law 68 applies only to City property; PPTs on private property are not subject to the City's regulatory scheme." Id. at 148. By its plain terms, Section 253(c) insulates any such scheme from the TCA's preclusive effect. Accordingly, we find that NPC's claims under the TCA were properly dismissed.

NPC's claims under 42 U.S.C. Sections 1983 and 1988 are based upon its allegations that Local Law 68 violates the TCA. Having found that NPC's TCA claims are without merit, these claims necessarily fail. Finally, NPC asserts claims against the City and Verizon under federal and state antitrust laws. Magistrate Judge Matsumoto found that both the City and Verizon were immune from federal antitrust claims pursuant to the "state action" doctrine, which generally holds that no antitrust action lies against either local governments or private actors which are engaged in implementing a valid regulatory policy. See, e.g., City of Columbia v. Omni Outdoor Adver., Inc., 499 U.S. 365, 384 (1991). In light of our holding that Local Law 68 is a valid exercise of regulatory authority under the TCA, we affirm the dismissal of NPC's federal antitrust claims. We also find that NPC's claims under New York antitrust law must fail. While pleading an antitrust injury is a necessary element of such claims, see Mindel v. Gross, 517 N.Y.S.2d 541, 543 (2d Dep't1987), it is undisputed that NPC has not actually completed the franchise application process required by Local Law 68. Accordingly, NPC has not suffered any anticompetitive injury from the fact that the City has granted PPT franchises to Verizon under Local Law 68. See OTR Media Group, Inc. v. City of New York, 847 N.Y.S.2d 526, 527 (1st Dep't 2007).

For the reasons stated above, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

_____

4