■ AHEAD REALTY LLC et al., Appellants, v INDIA HOUSE, INC., et al., Respondents. [938 NYS2d 17]—

This action arises from a Food Facilities Management and License Agreement (FFMLA) between PJ, a food services company, and defendant India House, Inc., a private social club, pursuant to which, in consideration for running the food and beverage service at India House, PJ agreed to assume responsibility for a significant renovation of the building and the real estate taxes on the property during the 25-year term of the agreement.

The first cause of action, which alleges that India House wrongfully induced a third party not to hold its annual dinner at India House, is insufficient to state a claim for harassment or

tortious interference with contract since persuasion alone is not enough to constitute wrongful means (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-192 [2004]). To the extent this cause of action alleges tortious interference with the FFMLA, it fails, because asserting that a defendant tortiously interfered with its own contract "quite clearly does not state a legally sufficient cause of action" (*Manley v Pandick Press*, 72 AD2d 452, 454 [1980], *lv dismissed* 49 NY2d 981 [1980]).

The second cause of action, for intentional harm to business and unfair competition, fails to set forth the requisite showing of bad-faith misappropriation of a commercial advantage (*see LoPresti v Massachusetts Mut. Life Ins. Co.*, 30 AD3d 474, 476 [2006]).

The fourth cause of action for breach of the covenant of good faith and fair dealing as against the individual defendants was properly dismissed since no contract exists between PJ and the individual defendants (*see Duration Mun. Fund, L.P. v J.P. Morgan Sec. Inc.*, 77 AD3d 474 [2010]). This cause of action as asserted against India House was also properly dismissed since it is duplicative of the breach of contract claim.

The fifth cause of action, for declaratory judgment, is insufficient because the complaint contains only conclusory allegations that fail to state a cause of action upon which relief may be granted (*see American News Co. v Avon Publ. Co., Inc.*, 283 App Div 1041 [1954]).

The sixth cause of action, for breach of contract, fails to allege any instance where a change was made without PJ's express written consent, or otherwise specify an incident where India House breached the FFMLA.

With respect to PJ's motion for a preliminary injunction, the court appropriately determined that, with respect to the outstanding default notice, PJ has not demonstrated irreparable harm, a likelihood of success on the merits or that the balance of equities tips in its favor (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.