■ REDF-Organic Recovery, LLC, Respondent, v Rainbow Disposal Co., Inc., Appellant. [985 NYS2d 10]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 21, 2013, which denied defendant's motion to dismiss the amended complaint, unanimously affirmed, with costs.

The amended complaint alleges that defendant used plaintiff's confidential information to enter into an agreement with a third party in breach of the parties' confidentiality agreement. The

amended complaint alleges a cause of action for breach of contract, and the documentary evidence submitted by defendant does not conclusively establish a defense to the asserted claims as a matter of law (*see Leon v Martinez,* 84 NY2d 83, 88 [1994]). We reject defendant's interpretation that the parties' confidentiality agreement prohibited only the disclosure, and not the use, of the confidential information. When "read as a whole" (*W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]), the plain language of the confidentiality agreement reflects the parties' intention that plaintiff's confidential information would be provided to defendant for the "sole purpose" of determining whether defendant was interested in investing in plaintiff's proposed business transaction (*see id.* at 162-163).

The amended complaint also states a cause of action for unfair competition, since it alleges that defendant acted in bad faith in misappropriating a commercial advantage belonging to plaintiff (*cf. Ahead Realty LLC v India House, Inc.,* 92 AD3d 424, 425 [1st Dept 2012]). The amended complaint contains sufficient allegations to support the conclusion that the parties were competitors in the waste-hauling business. In any event, a court may sustain an unfair competition claim even if the parties are not "actual competitors" (*Christian Dior, S.A.R.L. v Milton,* 9 Misc 2d 425, 434 [Sup Ct, NY County 1956], *affd* 2 AD2d 878 [1st Dept 1956]). Defendant's reliance on the economic loss rule is unavailing, as it does not apply in this case (*see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.,* 80 AD3d 293, 306 [1st Dept 2010], *affd* 18 NY3d 341 [2011]).

The amended complaint also states a cause of action for unjust enrichment, since it alleges that plaintiff gave defendant confidential information and that defendant failed to compensate plaintiff for the value of the appropriated information (*see Wiener v Lazard Freres & Co.,* 241 AD2d 114, 119-120 [1st Dept 1998]). Plaintiff may assert both breach of contract and unjust enrichment claims, as defendant has raised a bona fide dispute as to the application of the parties' confidentiality agreement (*Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc.,* 95 AD3d 434, 438-439 [1st Dept 2012]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.