14-976-cv
Big Vision Private Limited v. E.I. Du Pont Nemours and Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fifteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

BIG VISION PRIVATE LIMITED,

> *Plaintiff-Appellant*,

> > v.                                                                14-976-cv

E.I. DU PONT DE NEMOURS AND COMPANY,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JEFFREY A. LAMKEN (Michael G. Pattillo, Jr., *on the brief*), MoloLamken LLP, Washington, D.C. |
| FOR DEFENDANT-APPELLEE: | ADAM H. CHARNES (Thurston H. Webb, *on the brief*), Kilpatrick Townsend & Stockton LLP, Winston-Salem, NC; (Michael J. Berchou and Anna R. Mercado, *on the brief*), Phillips Lytle LLP, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 4, 2014 is **AFFIRMED**.

Plaintiff Big Vision Private Limited ("Big Vision"), a digital printing company incorporated in India, appeals the District Court's award of summary judgment in favor of defendant E.I. du Pont de Nemours and Company ("DuPont"), a Delaware corporation. The case arises from Big Vision's efforts to develop a new recyclable banner material to use for its own printing and to sell to others. In pursuit of that goal, Big Vision conducted joint laboratory trials with Davis-Standard, an equipment manufacturer. With Big Vision's consent, DuPont was invited to participate in those trials because of its technical expertise and because Big Vision was interested in testing a particular recyclable resin, known as Entira, developed by DuPont.

Three laboratory trials were held at Davis-Standard in 2008 and 2009. Thereafter, Big Vison's relations with DuPont and Davis-Standard soured, and in late 2009 Big Vision terminated both relationships. In November 2011, Big Vision filed the instant action against DuPont, claiming (1) breach of contract, (2) misappropriation of trade secrets, and (3) unfair competition. In essence, Big Vision asserted that, having learned Big Vision's technical know-how and confidential business information during the laboratory trials, one division of DuPont shared Big Vision's information with another division of DuPont, which then improperly used it to compete with Big Vision.

DuPont moved for summary judgment. In a careful and detailed opinion, the District Court granted summary judgment to DuPont on all three claims. Big Vision timely appealed the grant of summary judgment on its unfair competition claim only. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

2

We review a grant of summary judgment *de novo*, and we will affirm only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015). In conducting our review, we view the record in the light most favorable to the non-moving party, Big Vision, and draw all reasonable inferences in its favor. *See id.*

Under New York law (which the parties agree governs here), the tort of unfair competition is a "broad and flexible doctrine" that has been described as "encompassing any form of commercial immorality, or simply as endeavoring to reap where one has not sown; it is taking the skill, expenditures and labors of a competitor, and misappropriating for the commercial advantage of one person a benefit or property right belonging to another." *Roy Export Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) (internal alterations, citations, and quotation marks omitted). The essence of the tort "is that the defendant misappropriated the fruit of plaintiff's labors and expenditures by obtaining access to plaintiff's business idea either through fraud or deception, or an abuse of a fiduciary or confidential relationship." *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001). A claim will fail where a plaintiff cannot demonstrate "the bad faith misappropriation of a commercial advantage which belonged exclusively to him." *LoPresti v. Mass. Mut. Life Ins. Co.*, 820 N.Y.S.2d 275, 277 (App. Div. 2d Dep't 2006).

Big Vision argues primarily that the District Court erred in concluding that "sharing information about Big Vision between divisions at DuPont did not constitute a breach of contract or misappropriation of a trade secret, and on that basis, cannot constitute bad faith." *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 276 (S.D.N.Y. 2014). Big Vision notes, correctly, that a claim of unfair competition requires neither a finding of breach of contract nor the misappropriation of a trade secret. It contends that the District Court mistakenly believed otherwise and wrongly dismissed its claim on that basis.

Read in context, the District Court's statements on this count do not imply a misperception that a claim of unfair competition *always* requires a breach of contract or misappropriation of trade secrets or that resolution of Big Vision's unfair competition claim

3

turned exclusively on the court's resolution of Big Vision's other tort and contract claims. Rather, reviewing the actions of DuPont that Big Vision alleges support its unfair competition claim, the court first found that *in this case* there was neither a breach of contract nor misappropriation of a trade secret—reasoning that it therefore could not ground the necessary finding of bad faith on such a breach or misappropriation. The court then properly proceeded to consider other candidate acts, such as DuPont's "sharing information within [the] company," as possibly supporting Big Vision's allegations of bad faith. *Id.* Understandably, the District Court focused on the question whether DuPont demonstrated bad faith by breaching a contract or misappropriating trade secrets, because that was an approach presented by Big Vision in its pleadings and throughout the litigation. *See* J.A. 36-37, ¶¶ 71-73.

Even if Big Vision did not rest its unfair competition claim on the success of its other claims, DuPont would be entitled to summary judgment on this count, for a simple reason: Big Vision failed to adduce evidence sufficient to raise a genuine issue of material fact as to whether DuPont actually "misappropriated the fruit of [Big Vision's] labors and expenditures." *Telecom*, 280 F.3d at 197. New York law is clear that, "[w]hatever the breadth and flexibility" of New York's unfair competition tort, "it depends upon the allegation of facts that, if true, would constitute misuse of plaintiffs' property." *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 302 n.8 (2d Cir. 2006). Although a plaintiff need not establish misappropriation of a *trade secret*, then, to state a claim for unfair competition, it must establish that a defendant misappropriated or misused the plaintiff's property or the fruit of its labors and expenditures. Big Vision asserts that DuPont misused confidential information that fell into two broad categories: technical and business. But Big Vision has failed to adduce evidence that DuPont actually utilized any of Big Vision's confidential information at all. Thus, even if Big Vision's internal sharing of information could be deemed to have been undertaken in bad faith, Big Vision's claim would nonetheless fail because there is no evidence that the fruit of Big Vision's labors or expenditures was misappropriated or misused.

4

First, despite its protestations to the contrary, Big Vision has not adduced evidence demonstrating that DuPont used *any* confidential technical information revealed by Big Vision. In its opinion, the District Court demonstrates that none of the products that DuPont sells utilizes Big Vision's confidential information or technical know-how; and even if internal product testing conducted by DuPont can give rise to a claim of unfair competition—an uncertain premise—the record contains no evidence that DuPont actually conducted internal testing using any confidential information gleaned from Big Vision. Indeed, the record shows that the technical "innovations" claimed by Big Vision in its suit against DuPont were in fact publicly known. DuPont therefore could not be said to have misused or misappropriated those purported innovations.

Second, Big Vision contends that DuPont "misappropriated its business information, including its business model, its recycling loop, the global banner market, and pricing strategies for banner sales." Appellant's Reply Br. at 24 (internal quotation marks omitted). But in this category, too, Big Vision has not proffered evidence of any such misappropriation. The evidence reflects that DuPont does not use a "recycling loop." *See Big Vision*, 1 F. Supp. 3d at 245 n.24. Big Vision adduces no evidence that the pricing of DuPont's banners was affected by Big Vision's pricing strategies. And while there is evidence that Big Vision may have caused DuPont to realize that the "global banner market" was "much larger than [DuPont] expected," J.A. 1634-35, Big Vision has failed to adduce evidence that DuPont acted on this insight in any way. Accordingly, Big Vision has failed to raise a genuine issue of fact as to whether DuPont "misappropriated the fruit of [Big Vision's] labors and expenditures," *Telecom*, 280 F.3d at 197, and its claim for unfair competition must fail.

We have considered Big Vision's remaining arguments and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5