Schroeder v Cohen (2019 NY Slip Op 00838)





Schroeder v Cohen


2019 NY Slip Op 00838


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


652183/13 8324 8323

[*1]Theodore F. Schroeder, et al., Plaintiffs-Appellants,
v
Brian S. Cohen, et al., Defendants-Respondents.


Montgomery McCracken Walker & Rhoads, LLP, New York (Charles Palella of counsel), for appellants.
Jenner & Block LLP, New York (Brian J. Fischer of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 20, 2017, which dismissed the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 27, 2017, which granted defendants' motions for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs allege that defendant Brian S. Cohen and, vicariously, defendant New York Angels, Inc. (NYA), stole their confidential design concepts and ideas and conveyed them to the nonparty creators of the website Pinterest.com. On this appeal, plaintiffs contend that their claims for misappropriation of trade secrets, ideas, and skills and expenditures, and for breach of fiduciary duty, were improperly dismissed.
Plaintiffs' misappropriation of trade secrets and ideas claims were properly dismissed because plaintiffs failed to describe the allegedly misappropriated ideas with sufficient specificity (see Schroeder v Pinterest Inc., 133 AD3d 12, 29-30 [1st Dept 2015]; Heyman v AR. Winarick, Inc., 325 F2d 584, 590 [2d Cir 1963]; Big Vision Private, Ltd. v E.I. Dupont De Nemours & Co., 1 F Supp 3d 224, 257-259 [SD NY 2014], affd on other grounds 610 Fed Appx 69 [2d Cir 2015]). It is difficult to identify the precise nature of plaintiffs' claims because their descriptions of what was misappropriated have shifted throughout the litigation (see Big Vision, 1 F Supp 3d at 262-263). Plaintiffs' ideas amount to nothing more than a collection of broad concepts, and there is very little information in the record about how those concepts were actually employed in practice (see id. at 265-266), nor is it clear that they were ever even used in combination in a single website.
Plaintiffs' misappropriation of trade secrets and ideas claims were additionally properly dismissed because plaintiffs' ideas were not sufficiently novel to merit protection (see Schroeder, 133 AD3d at 28-30; Paul v Haley, 183 AD2d 44, 52-53 [2d Dept 1992], lv denied 81 NY2d 707 [1993]). Plaintiffs do not dispute that each of their individual ideas was not new, but contend that what was novel was their use of these ideas in combination. However, it is not clear that the ideas were ever actually combined in a single website. Even if they were, "a combination of pre-existing elements is not considered novel'" (Brandwynne v Combe Intl., Ltd., 74 F Supp 2d 364, 376 [SD NY 1999]; see also Paul, 183 AD2d at 53).
In addition, plaintiffs' misappropriation and fiduciary duty claims were properly dismissed because plaintiffs' ideas were not confidential (see Schroeder, 133 AD3d at 22-23, 29-30).
It is undisputed that versions 1 and 2 of plaintiffs' Rendezvoo website were publicly available online. Although plaintiffs claim that there were additional features in version 2 and in their Skoopwire website that were never publicly launched, there is insufficient evidence in the record regarding what the nonpublic versions of plaintiffs' websites looked like and how they [*2]differed from the public versions.
Even if this were not the case, it is clear that plaintiffs shared the allegedly nonpublic aspects of their websites with third parties - including web designers, potential investors, public relations firms, and focus groups - without requiring them to sign confidentiality agreements or to affirm that they were not working on competing websites. Plaintiffs' uncorroborated claims that the third parties were subject to amorphous confidentiality "understandings" are unavailing, as plaintiffs' own subjective, self-serving understandings do not create third-party obligations and it is not clear what, if anything, was communicated to the third parties with respect to confidentiality.
Plaintiffs' claims were also properly dismissed because there is no evidence in the record that Cohen actually conveyed their ideas to Pinterest. Although plaintiffs attempt to characterize Cohen's role in the development of Pinterest very broadly, they have offered no evidence that he was involved in product development in any way, or in anything other than marketing and communications, and indeed Pinterest's creators' express denial that he was, went unchallenged. When read in context, it is clear that Cohen's suggestion that Pinterest's creators use the word "curation" to describe their product was merely a suggestion about word choice, not about how the product should be designed. Plaintiffs' allegations of misappropriation are further undercut by the physical dissimilarity between their websites and Pinterest.
Because all claims against Cohen are dismissed, we need not reach the issue of NYA's vicarious liability for his actions. We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK