Kim v Francis (2020 NY Slip Op 03181)





Kim v Francis


2020 NY Slip Op 03181


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11594 650481/18

[*1] Paul Kim, Plaintiff-Appellant-Respondent,
v
Jonathan Francis also known as Jonathon Francis San Pedro, etc., et al., Defendants-Respondents-Appellants, BDG Media, Inc. doing business as Bustle Digital Group, Defendant-Respondent, Gerard R. Adams, et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Joseph, Terracciano & Lynam, LLP, Syosset (Janine T. Lynam of counsel), for Jonathan San Pedro and Foster Garvey P.C., New York (Alan A. Heller of counsel), for David Arabov, respondent-appellant.
Mitchell Silberberg & Knupp LLP, New York (Eleanor M. Lackman of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered June 3, 2019, which granted in part and denied in part defendants' respective motions to dismiss, unanimously modified, on the law, to dismiss the cause of action for promissory estoppel, and otherwise affirmed, without costs.
The complaint was properly dismissed as against defendant BDG Media Inc. (BDG) under CPLR 3211(a)(7), as the allegations against it failed to state any cognizable cause of action.
The motion court properly declined to dismiss the breach of contract claim against the individual defendants. Contrary to defendants' contentions, neither the statute of limitations under CPLR 213(2) nor laches bars the contract claim, as a matter of law since the complaint alleged that the individual defendants acknowledged plaintiff's role in the company through correspondence, in February 2012, which plaintiff submitted in opposition to the motion, and defendants failed to assert what prejudice they suffered as a result of the filing of the complaint in January 2018 for laches to apply (Matter of Linker, 23 AD3d 186, 189 [1st Dept 2005]).
We modify to dismiss the promissory estoppel claim, however, because although it was adequately pleaded, the allegations were duplicative of the breach of contract claim (Brown v Brown, 12 AD3d 176 [1st Dept 2004]). As the motion court properly determined, also duplicative of the contract claim was the cause of action for breach of the implied covenant of good faith and fair dealing against the individual defendants (MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 297 [1st Dept 2011]). The claim was also properly dismissed against BDG because there is a "lack of a valid and binding contract from which such a duty would arise" (American-European Art Assoc., Inc. v Trend Galleries, 227 AD2d 170 [1st Dept 1996]).
With respect to unfair competition, the complaint does not allege that defendants used plaintiff's property in competition with him, and therefore the cause of action was properly [*2]dismissed (see e.g. ITC Ltd. v Punchgini, Inc., 9 NY3d 467, 479 [2007]). As for the trademark infringement claim, plaintiff failed to plead his actual use of the mark in commerce, in order to fulfill the elements of the claim (La Societe Anonyme des Parfums le Galion v Jean Patou, Inc., 495 F2d 1265, 1271 [2d Cir 1974]). In addition, "only the owner of the trademark is entitled to sue for its infringement" (Federal Treasury Enterprise Sojuzplodoimport v SPI Spirits Ltd., 726 F3d 62, 75 [2d Cir 2013]). The motion court properly relied upon the defendants' documentary evidence describing plaintiff as an "applicant" for the trademark, not a registrant or owner, since he abandoned the process in February 2012. Finally, although plaintiff contends on appeal that he was a minority shareholder owed a fiduciary duty by the individual defendants as majority shareholders in a closely-held
corporation, the complaint does not allege any such facts (see Gjuraj v Uplift El. Corp., 110 AD3d 540, 541 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK