Chung v Williams Schwitzer & Assoc., P.C. (2021 NY Slip Op 06945)





Chung v Williams Schwitzer & Assoc., P.C.


2021 NY Slip Op 06945


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 654961/17, 655049/17 Appeal No. 14835 Case No. 2020-04654 

[*1]Chun Ho Chung, Plaintiff-Respondent-Appellant,
v
Williams Schwitzer & Associates, P.C., Defendant-Appellant-Respondent.
William Schwitzer & Associates, P.C., Plaintiff-Appellant-Respondent,
v
Chun Ho Chung, Defendant-Respondent-Appellant, Napoli Shkolnik PLLC, Defendant.


Emery Celli Brinckerhoft Abady Ward & Maazel LLP, New York (Hal R. Lieberman of counsel), for appellant-respondent.
Napoli Shkolnik, PLLC, Melville (Nicholas R. Farnolo of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 8, 2020, which, to the extent appealed from as limited by the briefs, (1) denied so much of the motion by defendant in Action No. 1/plaintiff in Action No. 2 William Schwitzer & Associates, P.C. (WSA) as was for summary judgment dismissing the breach of contract cause of action asserted against it by plaintiff in Action No. 1/defendant in Action No. 2 Chun Ho Chung; (2) granted so much of WSA's motion as was for summary judgment on its faithless servant cause of action against Chung, and as was for summary judgment dismissing Chung's promissory estoppel and unjust enrichment causes of action; and (3) denied so much of the motion by Chung as was for summary judgment on his breach of contract cause of action, and as was for summary judgment dismissing WSA's faithless servant, slander, and unfair competition causes of action, unanimously modified, on the law, to deny WSA's motion to the extent it sought summary judgment on its faithless servant claim, and otherwise affirmed, without costs.
Supreme Court should have denied the motion insofar as it sought summary judgment on WSA's faithless servant cause of action. Although Supreme Court correctly concluded that, as a matter of law, Chung breached his duty of loyalty to WSA by referring cases to another attorney while still employed by WSA (see Lamdin v Broadway Surface Adv. Corp., 272 NY 133, 138 [1936]; Bon Temps Agency Ltd. v Greenfield, 184 AD2d 280, 281 [1st Dept 1992], lv dismissed 81 NY2d 759 [1992]), issues of fact exist as to whether WSA waived its faithless servant claim by paying Chung $50,000 after learning he had referred cases to another attorney. We reject Chung's contention that WSA's faithless servant claim is barred by the doctrine of in pari delicto.
Although the employment contract between WSA and Chung does satisfy the statute of frauds (General Obligations Law § 5-701[a][1]; see Elite Tech. N.Y. Inc. v Thomas, 70 AD3d 506, 507 [1st Dept 2010]; Apostolos v R.D.T. Brokerage Corp., 159 AD2d 62, 64-65 [1st Dept 1990]), Supreme Court properly denied WSA's motion insofar as it sought to dismiss the breach of contract cause of action, since the record presents issues of fact as to whether WSA's counsel had actual or apparent authority to bind WSA (see Hallock v State of New York, 64 NY2d 224, 231-232 [1984]).
As to the slander cause of action against Chung, Supreme Court correctly declined to dismiss it, since issues of fact exist as to whether Chung made the allegedly slanderous statements and whether they were false. Similarly, as to the cause of action against Chung for unfair competition, the record presents issues of fact as to whether Chung lacked the requisite bad faith that is an element of that cause of action; accordingly, Supreme Court correctly let that cause of action proceed (see Ahead Realty LLC v India House, Inc., 92 AD3d 424, 425 [1st Dept 2012]).
Supreme Court correctly dismissed Chung's [*2]promissory estoppel and unjust enrichment claims. A promise of employment that induces one to leave a job and forego the possibility of other employment does not create a cause of action for promissory estoppel (Dalton v Union Bank of Switzerland, 134 AD2d 174, 176-177 [1st Dept 1987]). In any event, Chung's promissory estoppel cause of action is duplicative of his breach of contract claim (see Kim v Francis, 184 AD3d 413, 414 [1st Dept 2020]). Additionally, the unjust enrichment claim fails because to the extent there is a written contract binding on WSA, Chung has a viable breach of contract claim and no claim in quasi-contract lies (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Conversely, if there is no written contract binding on WSA, Chung cannot circumvent the statute of frauds by pleading a claim for unjust enrichment (J.E. Capital v Karp Family Assoc., 285 AD2d 361, 362 [1st Dept 2001]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021