Lekhner v 205-54 House Inc. (2026 NY Slip Op 01852)

Lekhner v 205-54 House Inc.

2026 NY Slip Op 01852

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 655904/24|Appeal No. 6214|Case No. 2025-04104|

[*1]Svetlana Lekhner, Appellant,
v205-54 House Inc., Respondent.

Svetlana Lekhner, appellant pro se.
Fleischner Potash LLP, New York (Samuel Corman of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2025, which granted plaintiff's motion for leave to reargue her motion for a default judgment and defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7), and, upon reargument, adhered to its prior determinations, unanimously affirmed, without costs.
The court properly denied plaintiff's motion for a default judgment. Plaintiff's service of a default motion was made in violation of CPLR 2103(a).
The court properly granted defendant's motion to dismiss plaintiff's first and third causes of action based on documentary evidence and for failure to state a claim. As plaintiff acknowledges, she was issued a check for the surplus amount resulting from the sale of the subject cooperative apartment at auction to satisfy the judgment against her for nonpayment. There was no contract implied-in-fact to auction the apartment shares with a minimum bid to protect plaintiff's potential profit (see 75 First Ave. Club LLC v United Glass Sys. Corp., 223 AD3d 491, 493 [1st Dept 2024]).
Plaintiff's second cause of action, alleging violation of RPAPL 702 in connection with defendant's petition filed against plaintiff in a previous nonpayment proceeding, was barred by res judicata (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
Plaintiff's third cause of action for promissory estoppel was properly dismissed as duplicative of the breach of implied contract claim (see Kim v Francis, 184 AD3d 413, 414 [1st Dept 2020]). The promissory estoppel claim was based on the same allegation as the breach of implied contract claim that plaintiff was entitled to a certain amount from the auction sale of the apartment.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026