■ MOBIL OIL CORPORATION, Appellant, v ROHIT JOSHI, Defendant, and PREFERRED LAND TITLE SERVICES, INC., Respondent. [609 NYS2d 214] —Order, Supreme Court, New York County (William Davis, J.), entered on or about August 11, 1993, which, *inter alia,* denied plaintiff's motion for leave to serve an amended complaint, unanimously affirmed, with costs and disbursements.

The IAS Court properly denied plaintiff Mobil leave to amend its complaint, the previous dismissal of which was affirmed by this Court (186 AD2d 382), to assert a cause of action against defendant Preferred, as the parties' alleged escrow agent, for fraudulent misrepresentation and the alleged concealment of the material facts that defendant Joshi's $350,000 check was uncollectible and that Joshi had not signed an escrow agreement in connection with an aborted real estate transaction between Mobil and Joshi.

Specifically, the proposed amended complaint failed, as a matter of law, to set forth the essential elements required to sustain an action for fraud and deceit based upon misrepresentation, i.e., a knowing misrepresentation or omission of a material fact which induces reliance to the plaintiff's detriment *(East End Owners Corp. v Roc-East End Assocs.,* 128 AD2d 366, 370, *appeal withdrawn* 70 NY2d 952); in the absence of a confidential or fiduciary relationship between Preferred and Mobil imposing a duty to disclose, Preferred's mere silence, without some act which deceived Mobil, cannot constitute a concealment that is actionable as fraud *(Moser v Spizzirro,* 31 AD2d 537, *affd* 25 NY2d 941). Without an agreement providing for a relationship of trust, or special circumstances indicating the same, none can be inferred from the mere relationship of the parties. *(See, Northeast Gen. Corp. v Wellington Adv.,* 82 NY2d 158.) As the record discloses, Preferred was approached by Mobil to act as the escrowee with respect to the $350,000 paid on the execution of the contract of sale between Mobil and Joshi. It is not disputed that Joshi never signed the escrow agreement, which was a condition to Preferred's acting as escrowee. Moreover, all of the information Mobil claims was either misrepresented or concealed by Preferred was either unmistakably known by Mobil, was not pursued by it, or was not of the character requiring a duty to disclose. *(East End Owners Corp. v Roc-East End Assocs., supra,* at 370-371.)

Accordingly, the rule that the facts alleged are presumed to be true and are to be accorded every favorable inference

which can be drawn therefrom on a motion addressed to the sufficiency of the pleading does not apply to allegations such as those herein consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence *(SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328, 331). Leave to amend should not be granted where, as here, the proposed amendment is obviously without merit *(Daniels v Empire-Orr, Inc.,* 151 AD2d 370, 371). Examination of the merits of the proposed pleading was also proper in these circumstances pursuant to CPLR 3211 (e). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.