■ FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent, v RUDRA ATMAN et al., Appellants. [635 NYS2d 187] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 16, 1994, which, *inter alia*, granted plaintiff's motion for partial summary judgment against certain defendants on causes of action for indemnity, specific performance and costs, and judgment, same court and Justice, entered June 18, 1995, which awarded plaintiff monetary damages against 14 of the defendants, unanimously affirmed, without costs.

No evidence was submitted that plaintiff or its agents ever made any representation to any defendant, or ever had any sort of advisor relationship or other relationship of trust with any defendant. Nor did defendants raise a triable issue of fact as to whether plaintiff was aware of the potential unsuitability of any defendant as an investor in the failed partnership. Defendants, therefore, have no defense to liability under the indemnification agreements, notwithstanding their allegations of fraudulent inducement to enter into those agreements.

Plaintiff had no duty to make any disclosure (*see, Mobil Oil Corp. v Joshi*, 202 AD2d 318). Defendants have failed to demonstrate that plaintiff aided and abetted a fraud committed by a third party, as they did not provide particularized assertions demonstrating that plaintiff knowingly participated in a breach of duty owing to defendants (*see, Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 267, *lv denied* 85 NY2d 804), or that plaintiff intentionally furthered any alleged fraud "by providing services that helped in the commission of the fraud." (*Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 28.)

We have considered defendants' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.