■ CAMELOT ASSOCIATES CORPORATION, Appellant, v CAMELOT DESIGN & DEVELOPMENT LLC, Respondent. [750 NYS2d 155] —Cardona, P.J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 20, 2001 in Albany County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff, incorporated in March 1967 under the name "Camelot Associates Corporation," is in the business of residential and commercial real estate development and remodeling. Defendant is engaged in the business of interior design services, construction management and some real estate development. Defendant operated under the assumed name of "Camelot Design & Development" from June 1990 until November 1998 when it formally incorporated its business under that name. Defendant has no preprinted business cards or stationery and does not advertise in the yellow page directory of the telephone book. Both businesses operate in the Capital District region and apparently coexisted without friction until July 2001, when plaintiff became aware of defendant's existence after viewing an advertisement by defendant in a local newspaper for the development of residential homes in Rensselaer County. Apparently, some subcontractors, who regularly work for plaintiff, contacted plaintiff under the mistaken belief that it was developing new property. On July 5, 2001, plaintiff's attorney forwarded a "cease and desist" letter to defendant requesting that it no longer use the name "Camelot" in its business name. Beginning July 22, 2001, defendant altered its advertisement to include a statement that it was not affiliated with plaintiff.

Thereafter, plaintiff commenced this action alleging unfair competition, trademark infringement or dilution and seeking permanent injunctive relief as well as monetary damages. Plaintiff moved for a temporary restraining order and preliminary injunction seeking to enjoin defendant from using the name "Camelot" or any variation thereof. Defendant answered and cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's request for injunc-

tive relief and granted defendant's cross motion for summary judgment prompting this appeal.

We are unpersuaded that Supreme Court erred in granting summary judgment to defendant. Significantly, causes of action alleging unfair competition or trademark infringement both require a demonstration "that the public is likely to confuse the defendant's product or service with that of the plaintiff" (*Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 543; *see Adirondack Appliance Repair v Adirondack Appliance Parts*, 148 AD2d 796, 798; *see also Federal Express Corp. v Federal Espresso, Inc.*, 201 F3d 168, 171). Furthermore, with respect to the trademark infringement claim, a plaintiff is required to also show that the trade name has acquired a secondary meaning (*see Adirondack Appliance Repair v Adirondack Appliance Parts, supra* at 798). In order to establish that secondary meaning, a plaintiff must demonstrate that the "trade name has become so associated in the public's mind with the plaintiff that it identifies goods sold by that entity as distinguished from goods sold by others" (*id.*).

Turning to the instant case, plaintiff did not support its opposition to defendant's summary judgment motion with proof demonstrating a likelihood of confusion on the part of the public. While plaintiff has submitted affidavits from five subcontractors evidencing a slight degree of confusion and further claims that it received some bills meant for defendant, the record is lacking proof with respect to confusion among prospective purchasers. Notably, the record demonstrates that the parties have coexisted for over 10 years in the Capital District without confusion and plaintiff was not aware of defendant's existence until July 2001.

Moreover, although "a cause of action in unfair competition requires the plaintiff to prove some element of bad faith" (*Capitaland Heating & Cooling v Capitol Refrig. Co.*, 134 AD2d 721, 722; *see Saratoga Vichy Spring Co. v Lehman*, 625 F2d 1037, 1044; *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203), plaintiff offered no proof to make such a showing. Defendant's president averred that she chose the word "Camelot" simply because it had "sentimental values" to her. We note further that defendant immediately placed the disclaimer in the newspaper advertisement after receiving the letter from plaintiff's attorney detailing plaintiff's concerns. Such conduct is indicative of defendant's good faith in adopting the name and lack of intent to capitalize on plaintiff's reputation and goodwill (*see Lang v Retirement Living Publ. Co., Inc.*, 949 F2d 576, 583). Accordingly, based upon the proof presented, we

cannot say that Supreme Court erred by granting defendant's cross motion with respect to plaintiff's unfair competition claim.

As for the trademark infringement claim, plaintiff did not produce any evidence that the trade name "Camelot" has developed a secondary meaning associated with plaintiff in the public's mind (*see Adirondack Appliance Repair v Adirondack Appliance Parts, supra* at 798). The record does not establish that a substantial section of the public equates "Camelot," a name currently held by more than 90 businesses registered with the corporation division of the Department of State, with plaintiff and no other entity (*see Little India Stores v Singh*, 101 AD2d 727, 729).

Furthermore, we note that Supreme Court also denied plaintiff's subsequent motion for renewal (*see* CPLR 5517 [b]). Under the circumstances herein, we find that the motion was properly denied inasmuch as the proffered proof was not sufficient to establish the requisite existence of confusion among the general public or that the name Camelot has acquired a secondary meaning.

We finally note that although plaintiff contends that Supreme Court abused its discretion by denying its motion for a preliminary injunction (*see generally* General Business Law § 360-*l*), that issue has been rendered academic in light of our foregoing conclusions. Plaintiff's remaining contentions have been examined and found unpersuasive.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.