**Colonel A. ADAMS, Plaintiff–Appellant,**

v.

**WARNER BROTHERS PICTURES, Castle Rock Entertainment, Discovery Communications LLC,[1] Defendants–Appellees.**

No. 07–3021–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2008.

Colonel A. Adams, pro se.

---

1. The Clerk of Court is directed to amend the caption to reflect this listing of defendants-appellees.

Laura Handman (Elisa Miller, on the brief), Davis Wright Tremaine LLP, New York, New York, for Appellees.

PRESENT: Honorable REENA RAGGI, Honorable RICHARD C. WESLEY, Honorable DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Pro se plaintiff Colonel A. Adams, who sued defendants Warner Brothers Pictures, Castle Rock Entertainment, and Discovery Communications LLC (together, "defendants") for copyright infringement, appeals from the dismissal of his complaint and the denial of his motion for reconsideration. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Dismissal*

We review *de novo* the dismissal of a complaint for failure to state a claim. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir.2008) (per curiam).

To establish a claim of copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). "It is now an axiom of copyright law that actionable copying can be inferred from the defendant's access to the copyrighted work and substantial similarity between the copyrighted work and the alleged infringement." *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir.1992).

■ On *de novo* review, we conclude that Adams's complaint failed to plead facts sufficient to demonstrate the copying element of an infringement claim. Defendants' works, incorporated by reference in Adams's complaint, all pre-dated plaintiff's copyright registration. Because Adams does not allege that he published, displayed, or distributed his work prior to registering it, no inference of access can be drawn from his pleadings. The complaint also contains no allegations describing the similarities between Adams's and defendants' works, and, like the district court, we conclude, as a matter of law, that no substantial similarities would be identified by a "lay observer." *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir.1996); *see also Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 240 (2d Cir.1983).

■ To the extent the district court liberally construed Adams's complaint to raise a New York common-law claim for unfair competition, but determined that the claim was preempted by federal law, and, regardless, deficient in failing to plead likely confusion, it is not clear that Adams appeals this ruling. We conclude, in any event, that such a state-law claim was correctly dismissed, particularly in light of the noted lack of similarities in the parties' works, which highlights Adams's failure to plead facts supporting an inference of likely confusion. *See Allied Maint. Corp. v. Allied Mech. Trades, Inc.*, 42 N.Y.2d 538, 399 N.Y.S.2d 628, 369 N.E.2d 1162, 1165 (1977) (describing "confusion" element of unfair competition); *Camelot Assocs. v. Camelot Design & Dev. LLC*, 298 A.D.2d 799, 750 N.Y.S.2d 155, 156 (N.Y.App.Div. 2002) ("[C]auses of action alleging unfair competition or trademark infringement both require a demonstration that the public is likely to confuse the defendant's product or service with that of the plaintiff." (internal quotation marks omitted)).

### 2. *Reconsideration*

We review Adams's challenge to the district court's denial of his motion for reconsideration only for abuse of discretion, *see Key Mech. Inc. v. BDC 56 LLC (In re*

*BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003), and we identify none in this case. We have explained that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Adams's motion pointed to no law or fact that was overlooked; he simply sought to introduce additional and unsubstantiated factual assertions.[2]

For the foregoing reasons, the judgment of the district court, entered on July 6, 2007, is AFFIRMED.

---

2. To the extent Adams argues in his reply brief that defendants' access to his design might be inferred from the possibility of leaks from the copyright office, the U.S. Post Office, and the Federal Bureau of Investigations, we generally will not entertain arguments not raised below, *see Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir.2006), or first mentioned on reply, *see Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 n. 3 (2d Cir. 2002). In any event, such bald speculation cannot support an inference of access. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir.2003).

