▮ Sabine Von Sengbusch, Respondent, v Les Bateaux De New York, Inc., Doing Business as SailTime New York, Appellant, et al., Defendants. [9 NYS3d 29]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 29, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and the cross claims against it and for judgment on its counterclaim for attorneys' fees without prejudice to renewal after discovery, unanimously modified, on the law, to the extent of granting the motion with respect to the negligence, indemnity and diminution of value causes of action, and otherwise affirmed, without costs.

The motion court properly determined that summary judgment is premature because an employee of defendant has not yet been deposed.

However, the negligence cause of action should have been dismissed as duplicative of the contract claim because it failed to allege a duty independent of the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Wildenstein v 5H&Co, Inc.*, 97 AD3d 488, 491-492 [1st Dept 2012]), and because it alleges only economic harm (*see Verizon N.Y., Inc. v Optical Communications Group, Inc.*, 91 AD3d 176, 181-182 [1st Dept 2011]). The claim for diminution of the value of the boat does not constitute a separate cause of action, the claim for indemnity is unsupported, and plaintiff failed to address defendant's opposition to both claims before the motion court or on appeal. Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.