■ APOGEE HANDCRAFT, INC., Respondent-Appellant, v VERRAGIO, LTD., Appellant-Respondent. [65 NYS3d 27]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 6, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment dismissing all counterclaims to the extent of dismissing the first, second, fourth, fifth, sixth, and seventh counterclaims, and denied the motion as to the third counterclaim, unanimously modified, on the law, to grant the motion as to the third counterclaim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant, a designer and seller of bridal jewelry, hired plaintiff to manufacture rings based on its designs. Defendant alleges that plaintiff failed to adequately safeguard the silver master models it provided, and the rubber molds created from them, and that, as a result, unauthorized copies of the models were made and offered for sale on the black market.

Defendant's first counterclaim (for breach of contract) was properly dismissed because defendant cannot establish the elements of either breach or damages (*see Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]). Defendant does not allege that the contract required plaintiff to employ any particular security measures. As such, all that plaintiff was required to do was exercise precautions consistent with industry standards (*cf. Aronette Mfg. Co. v Capitol Piece Dye Works*, 6 NY2d 465, 468 [1959]). Plaintiff submitted an affidavit from an experienced industry professional, who opined that the measures it took—i.e., keeping the molds in a locked storage room supervised by an onsite employee—were "standard in the industry." The affidavit submitted by defendant in opposition did not set forth any different standard, and therefore failed to raise an issue of fact.

As to damages, defendant's representative admitted that he was "not aware of any particular instances of sales of jewelry pieces manufactured from the counterfeit models." Defendant's theory of damages that the jewelry styles corresponding to the counterfeited models failed to meet projected sales is unduly speculative (*see Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina*, 234 AD2d 187, 190 [1st Dept 1996]).

The second counterclaim (for negligence) was properly dismissed as duplicative of the breach of contract counterclaim, as it "failed to allege a duty independent of the contract" (*see Von Sengbusch v Les Bateaux De N.Y., Inc.*, 128 AD3d 409, 410 [1st Dept 2015]).

The third counterclaim (for breach of the implied covenant of

good faith and fair dealing) should similarly have been dismissed as redundant, as it was "intrinsically tied to the damages allegedly resulting from a breach of the contract" (*Bostany v Trump Org. LLC*, 73 AD3d 479, 481 [1st Dept 2010]).

The fourth counterclaim (for breach of fiduciary duty) was properly dismissed because defendant cannot establish the existence of any relationship giving rise to a fiduciary duty (*see Burry v Madison Park Owner LLC*, 84 AD3d 699, 699-700 [1st Dept 2011]). "[A]n arms-length business relationship does not give rise to a fiduciary obligation" (*WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2d Dept 2001]; *V. Ponte & Sons v American Fibers Intl.*, 222 AD2d 271, 272 [1st Dept 1995]), and "[w]ithout an agreement providing for a relationship of trust, or special circumstances indicating the same, none can be inferred" (*Mobil Oil Corp. v Joshi*, 202 AD2d 318, 318 [1st Dept 1994]).

The fifth counterclaim (for misappropriation of trade secrets) was properly dismissed because defendant failed to proffer sufficient evidence to show that the models were trade secrets (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). Defendant also failed to allege that plaintiff misappropriated the models (*see Schroeder v Pinterest Inc.*, 133 AD3d 12, 27 [1st Dept 2015]), alleging instead that plaintiff failed to adequately safeguard them, as a result of which they were misappropriated by a third party.

The sixth counterclaim (for unfair competition and trademark dilution in violation of General Business Law § 360-l) was properly dismissed because defendant cannot demonstrate a "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality" of defendant's trademarks (General Business Law § 360-l; *Allied Maintenance Corp. v Allied Mech. Trades*, 42 NY2d 538, 545 [1977]). Defendant also failed to allege the requisite "bad-faith misappropriation of a commercial advantage" to prevail on an unfair competition claim (*Ahead Realty LLC v India House, Inc.*, 92 AD3d 424, 425 [1st Dept 2012]).

The seventh counterclaim (for trademark infringement) was properly dismissed because defendant failed to allege that plaintiff made any "use" of its trademarks at all, let alone an infringing one (*see* General Business Law § 360-k [a]; *Allied Maintenance*, 42 NY2d at 542).

We have considered the remaining arguments and find them unavailing. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.