Qedi's Corp. v 3 Bros. Pizza Café, Inc. (2019 NY Slip Op 07632)





Qedi's Corp. v 3 Bros. Pizza Café, Inc.


2019 NY Slip Op 07632


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-01633
 (Index No. 14246/13)

[*1]Qedi's Corp., etc., appellant, 
v
3 Brothers Pizza Café, Inc., et al., respondents.


Robert Vadnais, P.C., Huntington Station, NY, for appellant.
Sahn Ward Coschignano, PLLC, Uniondale, NY (Ralph Branciforte and Christian Browne of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trademark infringement and unfair competition, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered October 25, 2016. The judgment, upon a decision of the same court dated January 19, 2016, made after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In early 2013, the defendant Hamdi Astafovic opened for business the defendant restaurant, 3 Brothers Pizza Café, Inc. (hereinafter Pizza Café), in Farmingdale. Astafovic had been operating a restaurant, also known as 3 Brothers Pizza Café, in Rockville Centre for approximately six years before he closed that restaurant and opened Pizza Café. Pizza Café is located approximately 1.5 miles from the plaintiff restaurant, Three Brothers Pizza, which had been operating in Bethpage since approximately 1998.
In November 2013, the plaintiff, Qedi's Corp., doing business as Three Brothers Pizza, commenced this action against the defendants, seeking, inter alia, injunctive relief and to recover damages for trademark infringement and unfair competition. The plaintiff alleged, among other things, that the defendants' use of a name similar to the plaintiff's name has caused confusion, misled customers, and damaged the plaintiff's goodwill and business reputation. A nonjury trial was held on November 2, 2015. In a decision dated January 19, 2016, the Supreme Court determined that the complaint must be dismissed since the evidence adduced at trial failed to demonstrate that the plaintiff's trade name had a distinctive quality and that the plaintiff's loss of business was attributable to the defendants' use of the name "3 Brothers." A judgment was entered on October 25, 2016, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
We agree with the Supreme Court's determination that injunctive relief was not warranted under General Business Law § 360-l since the plaintiff failed to demonstrate that the trade name "Three Brothers" was distinctive or has developed a secondary meaning such that the trade name "has become so associated in the mind of the public with [the plaintiff]" (Allied Maintenance [*2]Corp. v Allied Mech. Trades, 42 NY2d 538, 545; see Apogee Handcraft, Inc. v Verragio, Ltd., 155 AD3d 494, 496; Camelot Assoc. Corp. v Camelot Design & Dev. LLC, 298 AD2d 799, 800). Furthermore, there was no evidence that the defendants' use of the name "3 Brothers" constituted " an unfair appropriation or exploitation of any special quality attached to [the] plaintiff's name'" (V.S. Distribs. v Emkay Trading Corp., 1 AD3d 350, 350, quoting Buffalo Packaging Corp. v Buff-Pac, Inc., 155 AD2d 877, 878; see Telford Home Assistance v TPC Home Care Servs., 211 AD2d 674, 674). The plaintiff also failed to offer any evidence that the defendants' continued use of the name "3 Brothers" at the Farmingdale location was done in bad faith or with any intent to capitalize on the plaintiff's goodwill and business reputation (see Camelot Assocs. Corp. v Camelot Design & Dev. LLC, 298 AD2d at 800).
Accordingly, we affirm the judgment.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court