## Gurney-Goldman v Solil Mgt., LLC

2025 NY Slip Op 30412(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 655549/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MELISSA A. CRANE**

*Justice*

PART **60M**

-------------------------------------------------------------------------------X

STEVEN GURNEY-GOLDMAN, AHG GENERATION X LLC,STEPHANIE GOLDMAN, AMY GOLDMAN FOWLER, IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE AMY GOLDMAN 2010 Z-6 TRUST, APG GENERATION X LLC,

Plaintiff,

- v -

SOLIL MANAGEMENT, LLC,SG EMPIRE, LLC,JANE GOLDMAN, IN HER INDIVIDUAL CAPACITY, AS MANAGER OF SOL GOLDMAN INVESTMENTS, LLC,AND AS TRUSTEE OF THE JANE H. GOLDMAN RESIDUARY TRUST NUMBER 1, THE JANE H. GOLDMAN RESIDUARY TRUST NUMBER 3, THE JANE H. GOLDMAN 2008 Y-1 TRUST, THE JANE H. GOLDMAN, DIANE GOLDMAN KEMPER, LOUISA LITTLE, IN HER CAPACITY AS MANAGER OF SOL GOLDMAN INVESTMENTS, LLC,AND AS TRUSTEE OF THE JANE H. GOLDMAN RESIDUARY TRUSTNUMBER 1, THE JANE H. GOLDMAN RESIDUARY TRUST NUMBER 3, THE JANE H. GOLDMAN 2008 Y-1 TRUST, THE DIANE GOLDMAN KEMPER RESIDUARY, BENJAMIN LEWIS, JHG GENERATION X, LLC,DGK GENERATION X, LLC,

Defendant.

-------------------------------------------------------------------------------X

INDEX NO. 655549/2023

MOTION DATE 10/07/2024, 10/08/2024, 10/08/2024, 11/12/2024, 12/02/2024

MOTION SEQ. NO. 014 015 016 019 021

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 014) 310, 311, 354, 370, 478

were read on this motion to/for _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 015) 318, 319, 320, 321, 322, 323, 355, 356, 357, 369, 479

were read on this motion to/for _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 016) 324, 325, 358, 371, 480

were read on this motion to/for _____ DISMISS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 019) 372, 373, 414, 417

were read on this motion to/for _____ DISMISS _____.

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 1 of 10

1 of 10

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 021) 415, 416, 428, 434, 477

were read on this motion to/for          DISMISS          .

In its August 9, 2024 decision, the court dismissed plaintiff's first, fourth and fifth causes of action with leave to replead (NYSCEF Doc 263 [8/9/2024 Decision & Order]). Plaintiffs filed their Second Amended Complaint on September 17, 2024 adding a new claim for breach of contract against defendants Jane, Louisa, Diane and Benjamin as Trustees of JHG X-1 Trust, JHG X-3 Trust, JHG Y-1 Trust, JHG Z-6 Trust, DGK X-1 Trust, DGK X-3 Trust, DGK Y-1 Trust, DGK Z-6 Trust, APG X-1 Trust, APG X-3 Trust, APG Y-1 Trust, AHG X-1 Trust, AHG X-3 Trust and AHG Y-1 Trust, and JHG Gen X LLC and DGK Gen X LLC (collectively "defendants") (NYSCEF Doc 284 [Plaintiffs' Second Amended Complaint ("SAC")]). In Mot. Seqs. 14, 15, 16, 19 and 21, defendants move to dismiss plaintiffs' first cause of action for breach of contract. For the reasons set forth below, the court grants defendants' motions to dismiss.

## BACKGROUND

On September 6, 2024, after the August 9, 2024 decision, plaintiffs contrived a letter to defendants demanding that they "perform their obligations as set forth in Section 8.06 of the SGI Operating Agreement (NYSCEF Doc. 307 [Holland & Knight September 6, 2024 Letter]). Specifically, plaintiffs' letter demanded that defendants:

- Direct the Managers of SGI to arrange for a revised Preliminary Appraisal pursuant to Section 8.06(g)(ii)

- Following the delivery of the revised Preliminary Appraisal, provide every Class A Member and Class B Member thirty days to notify SGI whether

**655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL**
**Motion No.  014 015 016 019 021**

**Page 2 of 10**

2 of 10

[* 2]

they choose to exercise their Put Rights in accordance with Section 8.06(g)(iv)

- Ensure that the revised preliminary Appraisal and any Final Appraisal comply with the express parameters for the appraisal set forth in the SGI Operating Agreement, including, among other things, that it determine the "fair market value" of SGI's interests without any "separate valuation discount… for lack of control or marketability," in accordance with Section 8.06(b), and not include the erroneous and improper "discounts" and "adjustments" contained in the Newmark Preliminary Appraisal and the Newmark Final Appraisal discussed I the Ernst & Young December 22, 2022 and October 18, 2023 Reports and the Holland & Knight December 23, 2022 and October 20, 2023 Letters which are annexed as Exhibits 1, 2, 5, and 6 to the Amended and Supplemental Company and enclosed herewith as Exhibits 1, 2, 3, and 4; and

- Ensure that the redemption price to be paid to the Members who choose to exercise their put rights be based on a "fair market value" of SGI that exceeds $2,398, 490, 805, subject to further increase based on consideration of the other factors that Newmark failed to take into account in determining the "fair market value" of SGI as of December 31, 2022.

*(id.).*

Plaintiffs' letter further directs:

"Please respond by September 12, 2024 whether (a) you agree to perform you obligations under Section 8.06 of the SGI Operating Agreement and (b) you agree to take the steps listed on page 4 of this letter, including directing the Managers of SGI to execute a joinder to the SGI operating agreement confirming that SGI is bound to the terms of the SGI Operating Agreement, or alternatively, amending the SGI Operating Agreement to add SGI as a signatory. In the event that you do not timely perform your obligations as members of SGI by the date indicated above, we Quinn, Emanuel Urquhart & Sullivan, LLP and Krieger Lewin LLP, on behalf of AHG Z-6 Trust, AHG Gen X LLC, and APG Gen X LLC will file a Second Amended Complaint, which will include a cause of action against you for the relief demanded in this letter."

True to their word, when defendants did not acquiesce to plaintiffs' list of demands,

plaintiffs filed a Second Amended Complaint, adding a new breach of contract claim based on

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF
THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6
TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS
TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 3 of 10

3 of 10

the failure to comply with the September 6, 2024 letter (NYSCEF Doc. 284 [SAC] at pg. 78).

Plaintiffs allege that:

> "[i]t is within the power of the Members of SGI, as parties to the SGI Operating Agreement, to perform their obligations under that agreement, including, among other things, to cause SGI to redeem Member interests at 'fair market value.' Given the express language requiring SGI to redeem the Member's Interest on the exercise of the put right, the Members of SGI—all of which executed the SGI Operating Agreement – are required to take actions to enforce this obligation if it cannot be enforced against SGI on the grounds that it is not a signatory to the SGI Operating Agreement"

(*id.* at ¶ ¶ 325, 326).

> The SAC further alleges,

> "[t]he Members of SGI that did not exercise their Put Rights breached the contractual duty owed to the Plaintiffs who exercised their Put Rights by not agreeing to take the steps set forth in paragraph 315, including failing to cause SGI to redeem the Plaintiffs' Interests at "fair market value"

(*id.* at ¶ 326).

Paragraph 315 details the demands set forth in the Holland & Knight September 6, 2024

letter (*id.* at ¶ 315).

Section 8.06(g) of the SGI Operating Agreement sets forth the procedure for members to

choose to exercise their put rights:

> Section 8.06    Put Rights. Notwithstanding any provision of this Agreement to the contrary:

> > (g) The procedure to be followed for the exercise of Put Rights under this Section 8.06 shall be as follows:

> > > (i)    Nine (9) months before each Put Right Exercise Date, the Managers will ascertain whether any Class A Member or Class B Member might be interested in exercising any Put Rights it shall hold pursuant to this Section 8.06.

> > > (ii)    If any Class A Member or Class B Member expresses a preliminary interest, the Managers will promptly retain an

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 4 of 10

4 of 10

Appraiser to prepare a preliminary valuation (in accordance with Section 8.06(b), under an agreement directing the Appraiser to (and under which the Appraiser agrees to) complete such preliminary valuation not less than ninety (90) days prior to the applicable Put Right exercise Date and to complete a final valuation (in accordance with Section 8.06(b) not later than sixty (60) days after the applicable put right exercise date.

(iii)    The Managers will notify the Class A Members and Class B Members of the results of the preliminary valuation promptly after receipt thereof.

(iv)    Every Class A Member and Class B Member will have an initial period of thirty (30) days after such notice to notify the Company, in writing, whether he, she or it exercises his, her or its Put Right.

(v)    If any Class A Member or Class B Member exercises his, her or its Put Rights during such initial thirty (30) day period, notice thereof shall be given to the other Class A Members and Class B Members and each applicable cap) the exercise of) his, her or its Put Rights by written notice to the Company. Except during the applicable time periods set forth in clause (iv) above and this clause (v) (time being of the essence with respect to such time periods), no Class A Member or Class B Member shall have the right to exercise his, her or its Put Rights.

(vi)    On the applicable Put Right Exercise Date, the Company will redeem the affected Interests at a Closing in accordance with Section 8.08, at the fair market value thereof set forth in the preliminary valuation of the Appraiser, but within thirty (30) days after receipt of the final valuation the Company payment from the Company to the redeeming Member(s) shall make any necessary adjustments (i.e., additional payment from the Company to the redeeming Member(s) to reflect any underpayment, or refund of overpayment by the redeeming Member(s) to reflect any variation between the preliminary valuation and the final valuation. At the Closing (as an express condition to the payment of the redemption price threat), the Company and the redeeming Member(s) shall enter into a written agreement (in form and substance reasonably acceptable to the parties thereto) obligating them to make

> any such adjustment payment as and when due. In the case of any redeeming Member that is an Entity having (in the Company's reasonable judgment) adjustment payment under this Section 8.06(vi), the Company shall have the right to require reasonable security therefor.

(NYSCEF Doc 321 [SGI Operating Agreement]).

Thus, pursuant to Section 8.06(g)(ii), if members desire to exercise their put rights, the managers must promptly retain an appraiser to prepare a preliminary valuation/appraisal. The appraiser is to complete the preliminary valuation not less than ninety days prior to the applicable "put right exercise date" and to complete a final valuation not later than sixty days after the applicable "put right exercise date."

> The Put Right Exercise Date is defined as:
>
> "Put Right Exercise Date" shall mean (a) the Put Right Commencement Date and (b) each five (5) year anniversary (i.e., the fifth (5th) anniversary, tenth (10th) anniversary, fifteenth (15th anniversary, etc.) of the Put Right Commencement Date.
>
> The Put Right Commencement Date is defined as:
>
> "Put Right Commencement Date" shall mean the earlier of (a) December 31, 2022 and (b) December 31 of the calendar year in which occurs the two (2) year anniversary of the death of the first Sibling to die (provided, however, that if such death shall occur between July 1 and December 31 of any year (both dates inclusive), then such reference to the two (2) year anniversary of such death shall instead be a reference to the three (3) year anniversary of such death)

(*id.* at pg. 11).

The first put right exercise date occurred on December 31, 2022 (SAC at ¶ 102). Plaintiffs allege that "on or around March 25, 2022, Amy, as trustee of the APG Z-6 Trust, notified SGI that the trust expressed preliminary interest in exercising its Put Rights in SGI" (NYSCEF Doc. 284 at ¶ 118). The SAC further alleges that on November 16, 2022, Amy, in her capacity as Trustee of the APG Z-6 Trust exercised its right to redeem a .25% interest in SGI by

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 6 of 10

[* 6]

written notice to SGI. On December 15, 2022, the APG Z-6 Trust by written notice to SGI increased the exercise of its redemption to 3% of SGI (*id.*). On December 15 the APG Gen X LLC separately sent a written notice to SGI exercising its right to redeem a 2% interest in SGI (*id.* at ¶ 119). On or about December 14th and 15th, Steven and Stephanie Goldman, on behalf of the AHG Z-6 Trust and as manager of AHG Gen X LLC, exercised their put rights for a combined 5% (*id.* at ¶ 121-122).

On May 31, 2022, SGI engaged an appraiser, Newmark, to conduct the valuation of SGI (SAC at ¶ 131). Plaintiffs allege that they received the "Newmark Preliminary Valuation" on October 20, 2022, but did not receive all the documents requested until November 10, 2022 (*id.* at ¶¶ 150, 157). Plaintiffs allege that disputes ensued between the parties over defendants' provision of documents in connection with Newmark's appraisal (*id.* at ¶ 157 – 162). Unsatisfied with the preliminary valuation, plaintiff's commissioned Ernst & Young (E&Y) to review the accuracy of Newmark's determination (*id.* at ¶ 175). Plaintiffs allege the December 22, 2022, E&Y report states that the Newmark's valuation "failed to comply with recognized valuation standards used to determine "fair market value" (*id.* at ¶ 137). Plaintiffs allege that defendants did not respond to plaintiffs' concerns regarding the deficiencies in the valuation, and instead on January 1, 2023, sent plaintiffs draft redemption agreements due on January 3, 2023 (*id.* at ¶ 177 -179). Plaintiffs never signed the redemption agreements. Instead, plaintiffs contend that these agreements were commercially unreasonable (*id.* at ¶ 180-181).

For the next sixth months the parties were at a standstill with respect to the redemption price. Plaintiffs allege that they received the "Newmark Final Appraisal" on March 29, 2023, that plaintiffs contend undervalued the company by at least $569.5 million (NYSCEF Doc. 284 at ¶ 186 – 187, 219). Plaintiffs allege that on August 8, 2023 "[s]teven, on behalf of the "SGI

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF
THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6
TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS
TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 7 of 10

7 of 10

[* 7]

Members of the Allan Goldman Family Branch," noticed his intention not to extend the standstill period. The standstill period ended on September 23, 2023 (*id.* at ¶ 221). Plaintiffs commenced this litigation shortly thereafter.

## DISCUSSION

The problem with plaintiffs' new breach of contract claim is that the SGI Operating Agreement does not contemplate a procedure for resolving a dispute arising out of the put right valuation process. There is absolutely no mention of a "revised preliminary valuation," nor anything of the sort.

Under Section 8.06(g), if any members express a preliminary interest in exercising their put rights, "the Managers will promptly retain an Appraiser to prepare a preliminary valuation (in accordance with Section 8.06(b), under an agreement directing the Appraiser to (and under which the Appraiser agrees to) complete such preliminary valuation not less than ninety (90) days prior to the applicable Put Right Exercise Date and to complete a final valuation (in accordance with Section 8.06(b)) not later than sixty (60) days after the applicable Put Right Exercise Date" (SGI Operating Agreement at pg. 49).

Plaintiffs argue that, because the preliminary valuation did not comport with the standards set forth in 8.06(g), defendants are contractually obligated to commence a revised preliminary valuation. The agreement does not say this. While plaintiffs could have potentially asserted a claim for defendants' alleged breach of Section 8.06(b), they did not. Rather, plaintiffs chose to sue for the breach of a contractual obligation that does not exist. (*see Apogee Handcraft, Inc. v. Verragio, Ltd.*, 155 AD3d 494, 495 [1st Dep't 2017]; *34-06 73, LLC v. Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]).

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF
THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6
TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS
TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 8 of 10

8 of 10

[* 8]

Further, while plaintiffs argue defendants also breached the agreement by preventing plaintiffs from redeeming their put rights at a "fair market value," this claim really stems from plaintiffs' allegations concerning the 2022 appraisal. That plaintiffs sent a letter in the middle of this litigation reiterating their initial demands, does not give rise to a new breach of contract claim.

While there is no contractual provision expressly giving plaintiffs an avenue to contest the appraiser's determination, plaintiffs can still sue for breach of fiduciary duty. In fact, the absence of an avenue to contest the appraisal reveals the parties' intent for a breach of fiduciary duty claim to provide redress.

Equally unavailing is plaintiffs' claim that defendants breached the covenant of good faith and fair dealing by failing to "execute a joinder to the SGI Operating Agreement confirming that SGI is bound to the terms of the SGI Operating Agreement or, alternatively, amend the SGI operating agreement to add SGI as a signatory," in response to the September 2024 letter. Plaintiffs argue that, based on the parties' course of conduct and multiple contractual terms, it was reasonable for plaintiffs to believe that SGI was bound by the SGI Operating Agreement. Therefore, they argue, when defendants did not agree to execute a joinder confirming that SGI is bound to the Operating Agreement, plaintiffs were deprived of their ability to receive the benefits they expected under the Agreement.

The court already determined that the parties did not intend for SGI to be a party to the agreement" (8/9/2024 Decision & Order pg. 2). There has been no violation of the covenant of good faith and fair dealing. Plaintiffs fail to allege that defendants' refusal to bind or add SGI to the Operating Agreement violates any promise which a reasonable person in the position of the promisee would be justified in understanding was included, nor withholds the benefits of the

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6 TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL Motion No.  014 015 016 019 021

Page 9 of 10

contract from plaintiffs (*see Singh v T-Mobile*, 232 AD3d 662, 664 [2nd Dep't 2024] [internal citations omitted]). Moreover, breach of the covenant of good faith and fair dealing is not an end run around an unviable breach of contract claim (N*at'l Union Fire Ins. Co. of Pittsburgh, PA v. Xerox Corp.*, 25 AD3d 519, 521 [1st Dep't 2006]).

Accordingly, it is hereby

ORDERED that the court grants defendants' motions to dismiss (motions 14, 15, 16, 19, and 21) and it is further

ORDERED that plaintiffs' first cause of action is dismissed;

20250131122211MACRANEA5ACE8B7AEAE4FF1B3D535CDC294E2A3

| 1/30/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **MELISSA A. CRANE, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

655549/2023   STEVEN GURNEY-GOLDMAN, IN HIS INDIVIDUAL CAPACITY, AS EXECUTOR OF
THE ESTATE OF ALLAN H. GOLDMAN, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2010 Z-6
TRUST, AS TRUSTEE OF THE ALLAN H. GOLDMAN 2018 REVOCABLE TRUST, AND AS
TRUSTEE OF TRUSTS F/B/O ET AL vs. SOLIL MANAGEMENT, LLC ET AL
Motion No.  014 015 016 019 021

Page 10 of 10

10 of 10

[* 10]